```
         IN THE UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF ARKANSAS
                  PINE BLUFF DIVISION
```

BENJAMIN WILLIAMS, JR.                                    PETITIONER

vs.                  Civil Case No. 5:03CV00140 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                         RESPONDENT

ORDER

Benjamin Williams, Jr., petitioned for habeas relief, and by a Memorandum and Order entered on June 27, 2005, this court denied relief and dismissed the petition.  Petitioner requests a certificate of appealability (COA).  In order to obtain a COA under 28 U.S.C. § 2253(c), a habeas petitioner must make "a substantial showing of the denial of a constitutional right."  This is the codification of the standard announced by the United States Supreme Court in <u>Barefoot v. Estelle</u>, 463 U.S. 880(1983).

The court dismissed grounds one, two and four of the petition because it found they were procedurally barred.  When a court dismisses a petition on procedural grounds without addressing the merits of the constitutional claim, a COA

> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable the district court was correct in its procedural ruling.

Id. at 478. A petitioner must make both showings to obtain an appeal, and the court may address the procedural question before the constitutional one. Id. I find "jurists of reason would find it debatable" as to whether Petitioner established sufficient cause for his procedural default, and that he states valid claims of the denial of a constitutional right. The court will grant the certificate of appealability as to this issue.

The court dismissed ground three under 28 U.S.C. §§ 2254(d)(1) and (2). Where the habeas court has addressed the merits of the claims, in order

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.'

Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). This determination "requires an overview of the claims ... and a general assessment of their merits," but the statute prohibits full consideration of the factual or legal bases supporting the claims. Miller-El v. Cockrell, 537 U.S. 322 (2003).

I find Petitioner has not carried his burden as to the question of whether it was reasonable under federal law for the state appellate court to conclude the trial court's limitation on counsel's cross-examination was not improper.

Accordingly, the court concludes Petitioner's request For Certificate of Appealability should be granted in part and denied in part in accordance with this Order.

SO ORDERED this 5th day of October, 2005.

*Henry L. Jones, Jr.*
United States Magistrate Judge